IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**HENRY CLAY DAVIS,**

        Petitioner,

        v.                                           Civil Action No. 5:22-CV-163
                                                                                 Judge Bailey

**WARDEN NRJ,**

        Respondent.

**REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

On June 30, 2022, petitioner, acting *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On October 17, 2022, petitioner paid the $5.00 filing fee. On October 18, 2022, this Court entered an Order to show cause why the petition should not be granted. On November 14, 2022, respondent filed a Motion to Dismiss and Memorandum in Support of the Motion to Dismiss. [Docs. 20-21].

The matter is now pending before this Court for a review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2. For the reasons that follow, the undersigned recommends that respondent's Motion to Dismiss [Doc. 20] be granted.

**II. FACTUAL AND PROCEDURAL HISTORY**

**A. Conviction, Sentence, and Direct Appeals**

In July 2019, petitioner was indicted in the Circuit Court of Marshall County for one count of possessing child erotica in violation of West Virginia Code § 61-8C-3a(a), case number 19-F-56. In November 2019, petitioner was indicted in a new case, also in

1

Marshall County, on twelve counts that included: eight counts of sexual assault in the third degree in violation of West Virginia Code § 61-8B-5(a)(2); two counts of sexual abuse in the third degree in violation of West Virginia Code § 61-8B-9(a); one count of possessing child erotica in violation of West Virginia Code § 61-8C-3a(a); and one count of soliciting a minor via computer in violation of West Virginia Code § 61-3C-14b(a), case number 19-F-65.

On July 20, 2020, petitioner entered guilty plea for five counts of sexual assault in the third degree and one count of child erotica in both case numbers 19-F-56 and 19-F-65.  Petitioner was sentenced to one to five years of incarceration on each count of sexual assault in the third degree, to run consecutively, and one year in jail for the child erotica misdemeanor count, to run consecutively to the sexual assault counts, for an aggregate sentence of one year in Northern Regional Jail and five to twenty-five years in prison.  Petitioner was also sentenced to lifetime registration on the West Virginia Sex Offender Registry, and twenty years of Extended Supervised Release.  All remaining counts of the indictment were dismissed with prejudice.  The commitment order was entered that same day.

Petitioner failed to file a direct appeal.

**B.** **State Habeas Corpus Petition**

Petitioner filed a Petition Under W.Va. Code § 53-4A-1 for Writ of Habeas Corpus in the Circuit Court of Marshall County, West Virginia. [Doc. 20-7].  The *pro se* petition contained eight grounds for relief, as follows: involuntary guilty plea, consecutive sentences for the same transaction, unfulfilled plea bargains, ineffective assistance of counsel, no preliminary hearing, more sentence than expected, excessive sentence, and

added ground, and newly discovered evidence. [Doc. 20-10]. At this time, the only action on the state court habeas petition is that a status hearing will occur on November 30, 2022. Thus, this case remains pending.

### C. Federal Habeas Petition

On June 30, 2022, petitioner initiated this case by filing a handwritten Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. [Doc. 1]. Petitioner was provided a notice of deficient pleading for failure to file his petition on a court-approved form and failure to pay the $5.00 filing fee. On July 28, 2022, petitioner filed his petition on the court-approved form. On October 17, 2022, petitioner paid the $5.00 filing fee. [Doc. 17].

In the petition, petitioner raises the same eight grounds for relief contained in the state habeas case, as follows: involuntary guilty plea, consecutive sentences for the same transaction, unfulfilled plea bargains, ineffective assistance of counsel, no preliminary hearing, more sentence than expected, excessive sentence, and added ground, and newly discovered evidence.

On October 18, 2022, this Court directed respondent to file an answer. [Doc. 18]. On November 14, 2022, respondent filed a Motion to Dismiss and Memorandum of Law in Support Thereof. [Docs. 20-21]. Therein, respondent argues that the state court habeas petition remains pending with no decision. The petitioner did not file a response.

### III. LEGAL STANDARD

#### A. Motion to Dismiss

A Motion to Dismiss should not be granted if there exists any plausible claim that would entitle Plaintiff to relief. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss

under Rule 12(b)(6) is to test the formal sufficiency of the claim; it is not a procedure for resolving contested facts or meritorious disagreements of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). For purposes of a 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the party making the claim, in determining whether it is a statement of a properly pled claim under Federal Rule of Civil Procedure 8(a). Id. at § 1357.

*Pro se* complaints are liberally construed by the court. See **Beaudett v. City of Hampton**, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 2007). While the plaintiff's allegations are assumed to be true, this Court may not ignore a clear failure in the pleading to allege facts that set forth a claim. Erickson, 551 U.S. at 93; See **Weller v. Dep't of Soc. Servs**., 901 F.2d 387, 390-91 (4th Cir. 1990). This Court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or "conjure up questions never squarely presented" to the court. **Barnett v. Hargett**, 174 F.3d 1128, 1133 (10th Cir. 1999); **Beaudett**, 775 F.2d 1274, at 1278.

B.   **Petitions for Habeas Corpus Under 28 U.S.C. § 2254**

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  When determining the merits of a § 2254 petition, the district court applies the

standards set forth in § 2254(d), which provides that the habeas petition of a person in State custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Moreover, the factual determinations by the state courts are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Therefore, when reviewing a petition for habeas relief, a federal court uses the "highly deferential lens" mandated by the AEDPA. ***DeCastro v. Branker***, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." ***Thomas v. Davis***, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have separate and independent meanings. ***Williams v. Taylor***, 529 U.S. 362, 364 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." ***Lewis v. Wheeler***, 609 F.3d 291, 300 (4th Cir. 2010) (quoting ***Williams***, 529 U.S. at 405) (internal quotations

5

omitted). A writ of habeas corpus may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." *Id*. at 300--01 (internal marks omitted).

Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision. "[A] federal habeas court may not grant relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable." *Williams*, 529 U.S. at 365.

## IV.  ANALYSIS

A petition for writ of habeas corpus on behalf of a prisoner in State custody is not to be entertained by a federal court unless the petitioner has first exhausted his State remedies. See 28 U.S.C. § 2254(b)(1).  The Supreme Court has held that, to "provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Principles of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

To exhaust available State remedies, a habeas petitioner must fairly present the substance of his claim to the State's highest court. See *Duncan*, 513 U.S. at 365–66 ("If state courts are to be given the opportunity to correct alleged violations of prisoners'

6

federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."). In West Virginia, the exhaustion of State remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction State habeas corpus proceeding followed by an appeal to the Supreme Court of Appeals of West Virginia ("SCAWV"). *See **Moore v. Kirby***, 879 F.Supp. 592, 593 (S.D. W.Va. 1995); see also ***Bayerle v. Godwin***, 825 F.Supp. 113, 114 (N.D. W.Va. 1993). A federal court may only consider those issues the petitioner presented to the State court, and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [the ADEPA], if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The undersigned finds that none of the grounds raised in the Petition are exhausted. To date, the circuit court habeas petition has not been decided, nor has it been appealed to the Supreme Court of Appeals of West Virginia. Therefore, because it is apparent the State court has not yet issued a decision on the merits of the petitioner's claims, the State has not been afforded a full and fair opportunity to pass upon and correct the alleged violation of the petitioner's federal rights.

## V.  RECOMMENDATION

For the reasons herein stated, the undersigned recommends that the Motion to Dismiss [**Doc. 20**] be **GRANTED** and that the petition be **DISMISSED WITHOUT PREJUDICE** as to the petitioner's right to renew the same following the proper exhaustion of state remedies.

7

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: February 15, 2023.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE